This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38230**

**STATE OF NEW MEXICO ex rel.,
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

 Petitioner-Appellee,

v.

**TONY B.,**

 Respondent-Appellant,

**IN THE MATTER OF ARIANNA B.
and LUIS B.,**

 Children.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY
Lee A. Kirksey, District Judge**

Children, Youth & Families Department
Rebecca J. Liggett, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill
Albuquerque, NM

for Appellee

Law Office of Jane B. Yohalem
Jane B. Yohalem
Santa Fe, NM

for Appellant

Laura K. Castillo
Hobbs, NM

Tommy D. Parker
Hobbs, NM

Guardian Ad Litem

# MEMORANDUM OPINION

**VANZI, Judge.**

**{1}** Father appeals from the district court's order terminating his parental rights. Unpersuaded that Father demonstrated error, we issued a notice of proposed summary disposition, proposing to affirm. Father has responded to our notice with a memorandum in opposition. Unpersuaded, we affirm.

**{2}** On appeal, Father challenges the sufficiency of the evidence to support the termination of his parental rights. [DS 5; MIO 2] Father's docketing statement focused on the alleged inadequacy of time given to him. [DS 5] Father's memorandum in opposition focuses on Children, Youth & Families Department's (CYFD) efforts [MIO 2, 4-7] and the best interests of Children. [MIO 2, 8-10]

## A. CYFD's Reasonable Efforts

**{3}** Father complains about CYFD's lack of contact with him and its "failure to meaningfully explore his ability to establish a home for Children." [MIO 6]

**{4}** Pursuant to the Abuse and Neglect Act, NMSA 1978, Section 32A-4-28(B)(2) (2005), "[t]he court shall terminate parental rights" when "the child has been a neglected or abused child" and the district court finds that "the conditions and causes of the neglect and abuse are unlikely to change in the foreseeable future despite reasonable efforts by the department . . . to assist the parent in adjusting the conditions that render the parent unable to properly care for . . . the child." The Abuse and Neglect Act recognizes a limit to the duration of CYFD's efforts. *State ex rel. Children, Youth & Families Dep't v. Maria C.*, 2004-NMCA-083, ¶ 21, 136 N.M. 53, 94 P.3d 796 (stating that "[s]tate law allows a reunification plan to be maintained for a maximum of fifteen months"). Moreover, the reasonableness of CYFD's efforts depends on the "totality of the circumstances[,]" which includes "the level of cooperation demonstrated by the parent and the recalcitrance of the problems that render the parent unable to provide adequate parenting." *State ex rel. Children, Youth & Families Dep't v. Keon H.*, 2018-NMSC-033, ¶ 41, 421 P.3d 814 (internal quotation marks and citation omitted).

**{5}** In the current case, Father had fourteen months from the time Children were taken into custody to make efforts to alleviate the causes and conditions of their neglect before his rights were terminated, and in that time, Father made no progress toward that goal. [RP 1-13, 56-63, 264-65] Father's lack of effort was made even more egregious following Mother's death shortly after the abuse and neglect adjudication. [1 RP 149, 177] The district court found that CYFD reviewed Father's case plan with him, referred

him to providers in his area of Texas to address his neglect of Children, and Father never engaged with those providers. [2 RP 270] Father did not visit Children, at least after he moved to Texas, and does not appear to have informed CYFD of his move. [MIO 5-6] Father did not stay in contact with CYFD, contrary to his obligation to do so, [1 RP 116] and despite CYFD's various efforts to locate and contact him. [MIO 5-6] Father did not believe that he should have to comply with the treatment plan, and he failed to do so. [MIO 6; 2 RP 270]

{6}     We have held that CYFD had made reasonable efforts to accommodate a parent's limitations where it provided referrals to services that were tailored to that parent's particular needs. *See State ex rel. Children, Youth & Families Dep't v. Laura J.*, 2013-NMCA-057, ¶ 39, 301 P.3d 860. Because CYFD made appropriate referrals to Father, and he failed to engage in any of the recommended services, the district court could reasonably conclude that reasonable efforts were made. "When . . . CYFD has made reasonable efforts to assist a parent, further efforts are not required." *In re Termination of Parental Rights of Eventyr J.*, 1995-NMCA-087, ¶ 32, 120 N.M. 463, 902 P.2d 1066. Father does not refer us to any authority suggesting that more is required of CYFD under such circumstances. We hold CYFD's efforts met the statutory reasonableness standard.

## B.      The Best Interests of the Children

{7}     Father contends there is no evidence that termination of his parental rights was in the best interests of Children because A.B. was turning eighteen-years-old shortly after the termination hearing and L.B. opposed termination and was not in an adoptive home. [MIO 8] Although these reasons may seem practical to Father, neither constitutes a statutory bar to termination, and throughout the proceedings Father showed no interest in engaging in efforts toward reunification and the exercise of his parental rights. *See* § 32A-4-28(B)(2) (stating that where the statutory definition of neglect is met, and the causes and conditions of the neglect are not likely to change in the foreseeable future despite reasonable efforts from CYFD, the court *shall* terminate parental rights (emphasis added)); *Maria C.*, 2004-NMCA-083, ¶¶ 21, 53 (stating that "[p]arents do not have an unlimited time to rehabilitate and reunite with their children" and "the district court need not place children in a legal holding pattern, while waiting for the parent to resolve the issues that caused their children to be deemed neglected or abused"). To support his position, Father relies only on general principles favoring the family unit, when appropriate. [MIO 9-10] In light of the Father's neglect of Children, his continued inability to properly care for Children, and his disinterest in engaging in his treatment plan so that he could properly care for Children in the foreseeable future, Father's reasons for opposing termination on the basis of Children's best interests are not persuasive.

{8}     For the reasons stated in this opinion and in our notice, we affirm the termination of Father's parental rights.

## {9}     IT IS SO ORDERED.

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**BRIANA H. ZAMORA, Judge**